PETITION TO QUASH SUMMONS

Petitioner:    Frederick M. Nerlinger and
               Delores R. Nerlinger

Respondent:    United States

**04MBD 10167**

Persons to whom the records or testimony sought relates to:
   Frederick M. Nerlinger and Delores R. Nerlinger
   5250 Roosevelt Blvd. #5B
   Clearwater, FL 33760

JURISDICTION

The basis for the court's jurisdiction is Internal Revenue Code Section 7609(h). That code section states that "The United States District Court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsections (b)(2), (f), or (g)." The address of the "person to be summoned", State Street Corporation, is 225 Franklin Street, Boston, MA 02110, and therefore the United States District Court, District of Massachusetts has jurisdiction in this matter.

BACKGROUND

On February 18, 2004, Internal Revenue Agent Andrew M. Daxon (hereinafter "Daxon") sent a letter to Frederick M. Nerlinger and Delores R. Nerlinger (hereinafter "Nerlingers") stating that they would be examined (Exhibit A). The following are some facts regarding that letter.
   1) The letter did not clearly state what was the proposed date of the meeting. The letter showed two proposed dates for the meeting: March 4, 2004 (on Exhibit A page 1) and March 31, 2004 (on Exhibit A, Form 4564, page 4).
   2) The letter included a four page list of documents (Exhibit A, Form 4564) which Nerlingers were requested to provide. Many of these documents are documents to which the IRS is not entitled, because they already have them. Many others are not familiar to Nerlingers, and are believed not to have any relevance. To analyse the list and compile the documents would have required considerable time.
   3) The letter said that Daxon would assume the meeting was confirmed if Nerlingers did not respond by February 25, 2004 (Exhibit A, Letter 2205). It should be noted that letters from Daxon to Nerlingers have generally arrived four or five days after postmark date. Since the postmark date was February 18, 2004, that would imply a delivery date of about February 22, 2004. To assume that Nerlingers could confirm the appointment by February 25, 2004 was unrealistic. Even under ideal conditions, the timing of this letter would not have allowed Nerlingers enough time to hire a tax advisor and prepare for an examination on March 4, 2004, and possibly not even on March 31, 2004.
   4) Nerlingers were out of town when the letter came to their mailbox. Mrs. Nerlinger returned on the afternoon of March 2, 2004, and faxed the letter to Mr.

1

Nerlinger the same evening. Mr. Nerlinger wrote a response letter (Exhibit B) and faxed it to Mrs. Nerlinger in Florida the next day, March 3, 2004. Mr. Nerlinger's letter said that a meeting on March 4, 2004 would be impossible, and asked when Daxon would like to meet.

5) Mrs. Nerlinger went to the IRS office in St. Petersburg on March 3, 2004, and tried to hand deliver Mr. Nerlinger's response letter (Exhibit B), but was told (erroneously) that this was a collections matter and that the St. Petersburg IRS office would not accept the letter. Mrs. Nerlinger then arranged to have the letter served on Mr. Daxon at the Tampa IRS office by a legal process service. This service occurred on March 5, 2004 (see Exhibit C).

6) The Nerlingers have never received a response to their letter (Exhibit B) regarding the examination meeting. No examination meeting between the IRS and Nerlingers has occurred.

7) Instead of rescheduling the examination, Daxon sent summons to various third party service providers of Nerlingers, including banks, mutual funds, mailbox services, etc. A total of six financial institutions were summoned to provide information on accounts in the name of, or controlled by Nerlingers, and we believe the information sought has been provided. Nerlingers did not object to those contacts.

8) Daxon has now sent a summons dated May 25, 2004 to State Street Corporation seeking records of an account of Hallmark Trust, which is not affiliated with Nerlingers. See Exhibit D, hereinafter referred to as the "State Street Summons".

WHY THE STATE STREET SUMMONS SHOULD NOT BE ALLOWED

According to the Supreme Court in Powell vs. U.S., the IRS has to meet the following four requirements to effect a valid summons.
> That the examination in connection with which the summons is issued is for a valid law enforcement purpose.
> The summons seeks information which may be relevant.
> The IRS does not already have the information.
> That IRS has complied with all the administrative steps mandated in the Internal Revenue Code, regulations, and other guidelines such as the Internal Revenue Manual.

The Internal Revenue Manual contains the following statements.
> [10.3.1.1] 7.16.4.1 (10-01-1996)
> "Do not request the issuance of a summons until the following criteria have been met:
>> The investigation has a valid 26 USC 7602 or other purpose as stated in text 7.16.1 of this chapter.
>> All other logical investigative steps have been exhausted.
>> All of the investigative methods which could resolve the issue have been completed with negative or inconclusive results.
>> There are reasonable grounds to believe that the information summoned will contribute materially to the investigation."

The IRS has failed to comply with items B and C above, because it did not complete the examination meeting (i.e. audit), a "logical investigative step" in determining Nerlingers' tax liability. This examination meeting (audit) process was begun in February 2004, but was never completed. Daxon has side-stepped the examination process in violation of the IRS's own written policy guidelines. While the aborting of the examination process is not by itself wrong, it is wrong to summons third party records of persons unrelated to the taxpayer under investigation when less invasive methods would suffice.

Additionally, the State Street Summons seeks information which is unlikely to be relevant or contribute materially to the investigation as required by the Internal Revenue Manual criteria D above. The State Street Summons seeks information about an account which is apparently owned by Hallmark Trust, which is not affiliated with Nerlingers. The summons asks for a long list of documents regarding this account (see Exhibit D). Information sought by this summons has little chance of revealing anything new about Nerlingers, because all transactions between Hallmark Trust and Nerlingers are already known to the IRS from their previous review of the records of Nerlingers' financial third parties. There is no reason to believe that the information sought by this summons "may be relevant" as required by item 2 of the above Powell requirements.

The IRS has apparently been investigating the Nerlingers for over a year. During that time, Nerlingers have generally only provided information to the IRS when they were required to do so. However, that is neither illegal nor uncooperative. Meanwhile, the IRS and has searched through the Nerlingers third party financial accounts. That is not illegal either, but their side-stepping of the audit process, and their summons of second-tier financial information (i.e. the State Street Summons seeks financial records of a third party of a third party) is over-reaching which should be prohibited or at least restricted.

Therefore, we ask that the Court to do one of two things.
Stop the IRS from accessing the information sought in the State Street Summons.
Limit the IRS' access to documents which can reasonably be expected to yield some
     specific, relevant information.

Signed

_____    6-14-04
Petitioner, Frederick M. Nerlinger    Date

_____    6-14-04
Petitioner, Delores R. Nerlinger    Date

## NOTIFICATIONS

Subject action
    Petition to Quash
    Date:           June 14, 2004
    Petitioners:    Frederick M. Nerlinger and Delores R. Nerlinger
    Respondent:   United States

Persons to whom the records or testimony sought relates to:
    Frederick M. Nerlinger and Delores R. Nerlinger
    5250 Roosevelt Blvd. #5B
    Clearwater, FL 33760

Person whose records are sought:
    State Street Corporation
    225 Franklin Street
    Boston, MA 02110

The following parties have been notified of the subject action by certified mail:

Mr. Andrew M. Daxon
Internal Revenue Service
3848 W. Columbus Dr., Suite A
Tampa, FL 33607-5768

State Street Corporation
225 Franklin Street
Boston, MA 02110